IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SONNIEL R. GIDARISINGH,

                    Plaintiff,

v.

TRAVIS BITTELMAN, SGT. MILLONIG,
COII RICKY, COII WITTERHOLT, SGT. HOOPER,
NURSE KIM CAMPBELL, CAPT. BRIAN FRANSON,
SGT. JULSON, CAPT. CASIANO, CAPT. MORGAN,
NURSE DENISE VALERIUS, COII B. NEUMAIER,
SANDRA HAUTAMAKI, ANTHONY ASHWORTH,
JANEL NICKEL, MR. ZIEGLER and TIM DOUMA,

                    Defendants.

ORDER

12-cv-916-wmc

      Plaintiff Sonniel Gidarisingh, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, has submitted a proposed complaint. He asks for leave to proceed *in forma pauperis*. Because plaintiff is a prisoner, he is subject to the 1996 Prisoner Litigation Reform Act. This means that before this court may decide whether he can proceed with his complaint *in forma pauperis*, plaintiff will have to make an initial partial payment of the filing fee. The initial partial payment is calculated by using the method established in 28 U.S.C. § 1915, that is, by figuring 20% of the greater of the average monthly balance or the average monthly deposits to the plaintiff's trust fund account statement.

      From the trust fund account statement that plaintiff submitted, the greater of these two amounts is the average monthly balance, which is $405.49. Accordingly, 20% of the average monthly balance, or $81.10, is the amount plaintiff will be assessed as an initial partial payment of the filing fee. Plaintiff is advised that he must pay the remainder of the fee in monthly installments even if his request for leave to proceed is denied. If plaintiff does not have the money in his regular account to make the initial partial payment, he will have to arrange with

prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $81.10 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware that they should send plaintiff's initial partial payment to this court.

Along with his complaint, plaintiff has also filed a motion requesting the court to waive the initial partial filing fee. *See* dkt. 4. Plaintiff states in his motion that for the past six months, the average monthly deposits made to his account is zero and the average monthly balance in his regular account is zero. As stated above, plaintiff's initial partial payment has been calculated using the method established in 28 U.S.C. § 1915; that is, by figuring 20% of the greater of the average monthly balance or the average monthly deposits to plaintiff's trust fund account over the six month period immediately preceding the filing of his lawsuit. From plaintiff's trust fund account statement, I find that the average monthly balance in plaintiff's account is $405.49. To be clear, the Columbia Correctional Institution divides plaintiff's balance into two separate accounts; a "release" account and a "regular" account. While it may be that the average monthly balance in plaintiff's "regular account" is zero, plaintiff's total average monthly balance, which includes his release account, contains $405.49.

I do not believe Congress intended the district courts to exclude balances in an inmate's release account from consideration when assessing the initial partial payment or collecting the remainder of the fee. The statute refers to a single "trust fund" account statement or the

"institutional equivalent" from which the court is to make its calculations and collect the fee. Therefore, I have considered plaintiff"s release and regular accounts together in calculating his his average monthly balance. Accordingly, plaintiff's motion to waive the initial partial filing fee is denied. As mentioned above, if plaintiff does not have sufficient funds in his regular account, the institution may take the remaining amount of the $81.10 initial partial filing fee from his release account.

## ORDER

IT IS ORDERED that

1. Plaintiff Sonniel Gidarisingh's motion for the court to waive the initial partial fee in this case, dkt. 4, is DENIED.

2. Plaintiff is assessed $81.10 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $81.10 on or before January 4, 2013. If, by January 4, 2013, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 14th day of December, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge