IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

SONNIEL R. GIDARISINGH,

                Plaintiff,

v.

TRAVIS BITTELMAN, *et al.*,

                Defendants.

ORDER

12-cv-916-wmc
_____

On October 16, 2013, this court granted plaintiff Sonniel R. Gidarisingh leave to proceed with a civil action against several correctional officers and other state employees at Columbia Correctional Institution, where plaintiff is currently confined. Pursuant to an agreement with the Wisconsin Department of Justice, the court promptly sent a copy of that order to the state attorney general for acceptance of informal service of process on defendants. Consistent with that agreement, defendants filed an answer on November 25, 2013. The case is now set for a pretrial conference on January 10, 2014.

Arguing that defendants' answer was untimely, plaintiff now seeks a default judgment. (*See* Dkt. #17). That motion will be denied for reasons set forth briefly below.

Plaintiff's motion is governed by Fed. R. Civ. P. 55(a), which authorizes entry of a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Courts in this circuit follow "a well-established policy favoring a trial on the merits over a default judgment." *Sun v. Board of Trustees of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (citing *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir.

1984) (collecting cases)). Under that policy, "a default judgment should be used only in extreme situations, or when other less drastic sanctions have proven unavailing." *Sun*, 473 F.3d at 811. In other words, "it is a weapon of last resort, appropriate only when a party wilfully disregards pending litigation." *Id.* (citation omitted). Thus, a plaintiff is not automatically entitled to a default judgment as a matter of right, even where the defendant is technically in default, so long as the plaintiff has not been prejudiced. *See Mommaerts v. Hartford Life and Acc. Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007).

As noted above, the Wisconsin Department of Justice agreed to accept service of process for correctional officers and other state officials in actions filed by pro se litigants. Under the terms of that agreement, defendants have forty days from receipt of the order granting leave to proceed in which to serve and file an answer. Because the Department of Justice received a copy of the order granting leave to proceed on October 16, 2013, the defendants had up to and including November 25, 2013 in which to answer. Court records confirm that the answer was timely served and filed in this case.

Plaintiff nevertheless argues that because he did not *receive* a copy of the answer before the deadline expired, a default judgment in his favor is now warranted. That plaintiff did not receive the answer until several days after the deadline does not make the answer untimely or support a finding of default. Even if the answer was late, defendants obviously attempted to plead or otherwise defend for purposes of Fed. R. Civ. P. 55. Moreover, a short delay in answering caused plaintiff no prejudice. Therefore, plaintiff's motion for default must be denied.

ORDER

IT IS ORDERED that plaintiff Sonniel R. Gidarisingh's motion for default judgment (dkt. #17) is DENIED.

Entered this 18th day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM C. CONLEY
District Judge