IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SONNIEL R. GIDARISINGH,

               Plaintiff,                              ORDER

  v.

                                               12-cv-916-wmc

TRAVIS BITTELMAN, *et al.*,

               Defendants.

Plaintiff Sonniel R. Gidarisingh is currently incarcerated by the Wisconsin Department of Corrections at the Columbia Correctional Institution, where he is presently confined in disciplinary segregation ("DS-1"). Plaintiff has been granted leave to proceed with an assortment of allegations stemming from a use of force, which resulted in plaintiff's placement in "control status." (Dkt. # 9). Noting he has been provided only a "rubbery lead type pencil" that is difficult to write with, plaintiff requests a court order directing prison officials to provide him with a "pen insert" in his cell. Plaintiff also appears to seek court assistance in locating *pro bono* counsel to represent him in this case. Both requests will be denied for reasons set forth briefly below.

**I. Plaintiff's Request for a Pen Insert**

Defendants oppose plaintiff's request for a pen insert, citing reasons of safety and security. In support, defendants provide an affidavit from David Melby, who serves as the Corrections Unit Supervisor at CCI. Melby explains that inmates housed in DS-I are provided with a safety pencil because pen inserts have been used as instruments of self-harm and to assault others. (Dkt. # 23). Melby adds that pen inserts, when altered, escape detection by metal detectors and are easy to conceal because of their small size. He observes

that pen inserts have been "fished" from one cell to another and passed between inmates during recreation time or hidden in "public locations" within DS-1, such as the law library and visitation areas. To reduce the chance that pen inserts may become contraband, inmates assigned to DS-1 are no longer allowed to have pen inserts in their cells and are authorized to use a pen only while working on active cases in the law library.

Plaintiff does not allege specific facts demonstrating that he has been unable to litigate his claims or that he has been prevented from meeting any court deadline for lack of a pen insert. In that respect, there are no pending matters or imminent deadlines. Moreover, plaintiff's pencil-written motions are neatly written and legible. Based on this record, plaintiff's allegations do not overcome the prison's legitimate interest in safety and security. Therefore, plaintiff's request for relief in the form of a pen insert will be denied.

## II. Plaintiff's Request for *Pro Bono* Counsel

Plaintiff has submitted several letters from local attorneys who indicate that they are unable to take his case *pro bono*. Therefore, plaintiff appears to seek court assistance in locating a lawyer who will represent him on a voluntary basis. Before deciding whether it is necessary to recruit counsel, a court must find that the plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful or that he has been prevented from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Because plaintiff has provided rejection letters from at least three attorneys, plaintiff has met this requirement. This, however, does not end the inquiry.

Plaintiff fails to meet other criteria for court assistance in locating counsel because

he does not address the real question, which is "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). In other words, given the complexity of the case, does this plaintiff appear to be competent to try the case on his own? *See Santiago v. Walls*, 599 F.3d 749, 763-64 (7th Cir. 2010); *Pruitt*, 503 F.3d at 655-56).

As defendants note, plaintiff has litigated at least five other federal cases in the Eastern District of Wisconsin and two in the United States Court of Appeals for the Seventh Circuit. The pleadings that plaintiff has submitted to date reflect that he is highly literate and familiar with the legal system; in the realm of *pro se* prison litigators, he ranks near the top in terms of competence. Accordingly, his request for court assistance is denied at this time. Plaintiff is free to renew his motion at a later time if he feels incapable of representing himself as the case proceeds.

ORDER

IT IS ORDERED that plaintiff Sonniel R. Gidarisingh's motion for a pen insert, dkt. # 19, and his request for court assistance in locating pro bono counsel, dkt. # 20, are DENIED.

Entered this 24th day of January, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge