IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SONNIEL R. GIDARISINGH,

                Plaintiff,                    ORDER

v.

                                    12-cv-916-wmc

TRAVIS BITTELMAN, *et al.*,

                Defendants.

In a prior order, the court denied plaintiff Sonniel R. Gidarisingh's request for a court order directing prison officials to provide him with a "pen insert" in his cell and his request for assistance in recruiting *pro bono* counsel to represent him in this case. (1/24/14 Order (dkt. #24).) Before the court are a motion for reconsideration of that decision on both fronts, and a renewed motion for assistance in recruiting counsel. (Dkt. ##25, 26.)[1] Since plaintiff largely reiterates the arguments he raised in his prior motions, the court finds no basis for reconsidering its prior decisions or granting his renewed motion for assistance in recruiting counsel.

On his motion for reconsideration of the court's treatment of his pen insert request, plaintiff contends that he did not file a reply to his motion because defendants failed to provide him with a copy of their opposition.[2] In that motion, Gidarisingh

---

[1] Plaintiff also filed a motion to stay this case pending a decision on his renewed motion for assistance in recruiting counsel. (Dkt. #27.) The court's decision renders that motion moot.

[2] Defendants attached a certificate of service, showing that a copy of their opposition and of an affidavit of David Melby was sent to Gidarisingh. (Dkt. #22-1.) In any event, it is

represents that (1) he has never inflicted self-harm using a pen insert; (2) he would have no means to pass a pen insert to those individuals in DS-1 who have used similar instruments to self-harm; and (3) at least one other inmate housed in DS-1 has access to a pen insert. Even crediting those arguments, however, plaintiff has not demonstrated that he is prejudiced by the prison's policy. Indeed, his most recent submissions -- consistent with his prior filings -- are clear and legible.

As for his request for counsel, plaintiff contends that his mental illness and placement in segregation makes it difficult for him to represent himself in this action. (Dkt. #26.) As explained in the court's prior order, without minimizing the hurdles plaintiff faces in representing himself, plaintiff's filings to date in this case and his prior *pro se* representations in other cases demonstrate that he is highly literate and familiar with the legal system. On this record, the court cannot find that the difficulty of this case exceeds his capacity. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007).

ORDER

IT IS ORDERED that:

1) plaintiff Sonniel R. Gidarisingh's motion for reconsideration (dkt. #25) is DENIED;

2) plaintiff's motion for assistance in recruiting counsel (dkt. #26) is DENIED without prejudice; and

---

unlikely that a reply would have altered the court's original decision since plaintiff's motion for reconsideration fails to offer any basis for granting his request.

3) plaintiff's motion to stay (dkt. #27) is DENIED AS MOOT.

Entered this 11th day of August, 2014.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge