IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SONNIEL R. GIDARISINGH,

                 Plaintiff,                  OPINION & ORDER

v.

                                               12-cv-916-wmc

TRAVIS BITTELMAN, *et al.*,

                 Defendants.

      Before the court are two motions by plaintiff Sonniel R. Gidarisingh, both of which will be denied. In the first motion, Gidarisingh seeks a stay of his response to defendants' motion for summary judgment pending mediation of an action between the plaintiff and the State in the Eastern District of Wisconsin. (Dkt. #58.) Gidarisingh explains that the district court in the Eastern District case has ordered mediation and that he "intend[s] to offer the dismissal" of this action as part of the settlement in the Eastern District case. (*Id.* at p.2.) In response, defendants contend that the plaintiff's representation that the Eastern District case "might settle is overly optimistic," and the case at issue in this court is unrelated to the Eastern District action. (Dkt. #61.) Regardless of which party is most accurately representing the status and nature of the Eastern District lawsuit, the mere possibility of settlement of this or any other lawsuit is not a sufficient basis to stay briefing and a decision on a pending motion for summary judgment.

      In the same motion, plaintiff also mentions that he needs additional time because defendants have yet to respond to plaintiff's discovery requests. (Dkt. #58 at p.2.) Defendants concede as much, stating in their responses that they are "willing to give the

plaintiff a ten day extension on his summary judgment response because defendants still have some outstanding discovery to send to the plaintiff." (Dkt. #61 at p.2.) The court also notes that Gidarisingh was recently transferred to a new facility. (Dkt. #62.) In light of his recent move and defendants' acknowledgment that at least as of September 24, 2014, defendants still had not completed their discovery responses, the court will extend the deadline for responding to defendants' motion for summary judgment to October 31, 2014. If they have not done so already, defendants may have seven days, until October 17, 2014, to complete all discovery responses, including production of responsive documents, if any. Defendants' reply in support of their motion for summary judgment, if any, is due on or before November 10, 2014.

In the second motion, plaintiff seeks relief pursuant to Fed. R. Civ. P. 56(d) because he has not retained an expert and has no means to do so. (Dkt. #60.) Relatedly, defendant renews his request for assistance in recruiting counsel. (*Id.*) This is plaintiff's fourth request for assistance in recruiting counsel. As explained in prior opinions and orders, plaintiff has failed to demonstrate that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it as required under *Pruitt v. Moe*, 503 F.3d 647, 655 (7th Cir. 2007). (*See* 10/16/13 Order (dkt. #9) 19-20; 1/24/13 Order (dkt. #24) 2-3; 8/11/14 Order (dkt. #32) 1-2.) To the contrary, plaintiff's submissions are clear and he appears to have a very solid command of the law.

Still, his most recent request focuses on the need for an expert witness, which *could* present a compelling basis for recruiting counsel. In reviewing defendants' motion for summary judgment, with respect to plaintiff's Eighth Amendment deliberate indifference

claims, the discussion centers around the second prong of the test -- whether a reasonable factfinder could conclude that defendants knew of plaintiff's serious medical need and disregarded it, *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) -- not on the first prong -- whether his condition constituted a serious medical need. This later prong is arguably more amenable to proof by a *pro se* plaintiff without the necessity of expert's testimony. Therefore, the court will require plaintiff to respond to defendant's motion, focusing on this second prong of the deliberate indifference test: what did each defendant know about plaintiff's medical condition and how did they respond or fail to respond? If plaintiff can put forth sufficient evidence from which a reasonable factfinder could find deliberate indifference, or convince the court that an expert witness is required to meet plaintiff's burden, then the court will reconsider whether appointment of counsel and extension of the expert disclosure deadline is warranted.

ORDER

IT IS ORDERED that:

1) Plaintiff Sonniel R. Gidarisingh's motion to stay response to defendants' motion for summary judgment (dkt. #58) is DENIED, but the court will extend the deadline by which Gidarisingh must respond. Defendants may have until October 17, 2014, to complete any responses to plaintiff's outstanding discovery requests referred to in the opinion above, including production of all responsive documents; plaintiff's opposition is then due on or before October 31, 2014; defendants' reply, if any, is due November 10, 2014; and

2) Plaintiff's motion pursuant to Rule 56(d) and for assistance in recruiting counsel (dkt. #60) is DENIED without prejudice.

Entered this 10th day of October, 2014.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                        District Judge