IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SONNIEL R. GIDARISINGH,

    Plaintiff,

v.

                              Case No. 12-CV-916-WMC

TRAVIS BITTELMAN, ET AL,

    Defendants.

**STIPULATED PROTECTIVE ORDER**

The parties, through their respective counsel, stipulate and agree to the Court's entry of a protective order, for cause shown, as detailed below.

THE PARTIES SPECIFICALLY DIRECT THE COURT'S ATTENTION TO PARAGRAPH 9 ON PAGE 5, wherein the parties agree to initially file materials marked "Confidential" and "Confidential – For Attorney's Eyes Only" under seal. If the party who designated the information "Confidential" or "Confidential – For Attorney's Eyes Only" wishes the documents to remain under seal, that party must file a motion to seal with the court within 7 days. The parties determined this procedure was necessary to protect information whose public release could compromise the safety and security of the Department of Corrections' Correctional Institutions.

1

### A.    INFORMATION SUBJECT TO THIS PROTECTIVE ORDER

1.    Pursuant to Fed. R. Civ. P. 29(b), this Stipulated Protective Order (the "Protective Order") governs the access to, use, and distribution of information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under this Protective Order. For purposes of this Protective Order, "Confidential" or "Confidential – Attorneys' Eyes Only" information includes documents, pleadings, interrogatory responses, deposition testimony, and all other discovery materials that are designated as "Confidential" or "Confidential – Attorneys' Eyes Only." This Protective Order shall apply to all information and materials produced or disclosed during the course of the above-captioned action by any party or non-party, including information disclosed in the course of discovery.

2.    If a party in response to formal or informal discovery, produces information that it deems should be given the protection of this Protective Order, said party may mark such information "Confidential" or "Confidential – Attorneys' Eyes Only," and the information shall thereafter be subject to this Protective Order's terms.

3.    A document may be marked "Confidential" when the document contains information concerning the plaintiff's own personal information, including but not limited to physical or mental health.

4.    A document may be marked "Confidential – Attorneys' Eyes Only" when the document contains information that if distributed amongst the inmate

2

population could endanger the safety of persons in, and the security of, the Wisconsin Department of Corrections and its institutions. A document may also be marked "Confidential – Attorneys' Eyes Only" when the document contains personal information concerning inmates other than the plaintiff, or current or former staff of the Wisconsin Department of Corrections, if defense counsel determines in good faith that such information, if distributed amongst the inmate population, could endanger the life or safety of an individual. The designation of a document as "Confidential – Attorneys' Eyes Only" shall constitute a certification by defense counsel that she has reviewed such document and believes that it meets the requirements for being so designated.

5. If a party, in response to formal or informal discovery, produces information that it deems should be given the protection of this Protective Order but fails to mark such information "Confidential" or "Confidential – Attorneys' Eyes Only" at the time of production, the producing party may subsequently notify the receiving party in writing of the inadvertent failure to properly designate the information, and the information shall thereafter be subject to this Protective Order's terms. To facilitate the inspection of large volumes of documents without the need to first affix a "Confidential" or "Confidential – Attorneys' Eyes Only" designation to the face of each, the producing party also may, at its option, permit counsel for the receiving party to initially inspect the documents for the purpose of designating those to be copied, and thereafter affix the "Confidential" or

"Confidential – Attorneys' Eyes Only" designation to the copies of the documents designated to be copied.

6. All information derived from documents marked or testimony designated "Confidential" or "Confidential – Attorneys' Eyes Only," such as extracts, summaries, copies, reproductions, memoranda and correspondence, shall also be considered and marked as "Confidential" or "Confidential – Attorneys' Eyes Only" consistent with the designation of the underlying material from which they were created.

7. If any party disagrees with the designation of any information as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to Paragraphs 2 - 4 above, said party shall confer with the producing party in an effort to resolve the disagreement within ten (10) days after production of the information. If the dispute cannot be resolved, the objecting party shall have the right to file a motion challenging said designation no later than seven (7) days from the date of the conclusion of the meet and confer period. Any information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall remain subject to the terms of this Protective Order unless otherwise required by a final order of this Court. The burden of proof and persuasion regarding the proper designation of the information shall rest on the producing party.

4

## B.     DISCLOSURE OF CONFIDENTIAL INFORMATION

8.     Information designated "Confidential" or "Confidential – Attorneys' Eyes Only" shall not be used or disclosed for any purpose whatsoever, other than for the purpose of prosecuting or defending this litigation. If disclosed for litigation purposes, the information designated "Confidential – Attorneys' Eyes Only" shall not be disclosed to the plaintiff, or other inmates called to testify in this matter, except as listed in the sub-paragraphs below or as agreed in advance and in writing by counsel. Notwithstanding the foregoing, information designated "Confidential" because it concerns the plaintiff's own personal information may be disclosed to the plaintiff.

> i. Disclosure of documents marked "Confidential – Attorneys' Eyes Only" during depositions:  Counsel may utilize documents marked "Confidential – Attorneys' Eyes Only" during depositions.  Upon request of defense counsel, the plaintiff may be required to exit the deposition when documents marked Confidential – Attorneys' Eyes Only" are being used.

9.     Information designated "Confidential" or "Confidential – Attorneys' Eyes Only" filed in Court, entered as exhibits at deposition, or disclosed in pleadings shall be so filed, entered or disclosed under seal.  If the party who initially designated the document(s) "Confidential" or "Confidential – Attorneys' Eyes Only" wishes the document(s) to remain under seal, that party must file a motion to seal within seven (7) calendar days of the filing.  Information designated

5

"Confidential – Attorneys' Eyes Only" shall be redacted from copies of filings provided to the plaintiff.

### C. DESIGNATION OF CONFIDENTIAL INFORMATION

10. A party producing or disclosing information may invoke this Order's protection by following the procedures set forth below. With respect to documents, the copy of the document, when produced, shall bear the clear and legible designation "Confidential" or "Confidential – Attorneys' Eyes Only." With respect to answers to interrogatories or requests for admissions, the pages of those responses containing "Confidential" or "Confidential – Attorneys' Eyes Only" information shall be so marked. With respect to any deposition, such treatment may be invoked by: (1) declaring the same on the record at the deposition or (2) designating specific pages as "Confidential" or "Confidential – Attorneys' Eyes Only" and serving such designations within thirty (30) days of receipt of the transcript of the deposition in which the designations are made. The sections of any deposition transcript in which a witness is questioned about documents designated "Confidential" or "Confidential – Attorneys' Eyes Only" shall be treated as "Confidential" or "Confidential – Attorneys' Eyes Only" for the thirty-day (30) period following receipt of the transcript.

### D. TRIAL

11. Nothing in this order is intended to govern, limit, or affect the right of any party with respect to "Confidential" or "Confidential – Attorneys' Eyes Only" designated information if this matter proceeds to trial.

### E. LIMITATIONS

12. This Protective Order shall not affect:

    a. any party's right to object to another party's designation of information as "Confidential" or "Confidential – Attorneys' Eyes Only;"

    b. any party's right to seek an additional protective order governing categories of information for which the present Protective Order does not provide protection from disclosure;

    c. any party's right to object to any discovery request on any ground;

    d. any party's right to seek an order compelling discovery with respect to any discovery demand; or

    e. any party's right to object to the admissibility of any information on any ground.

### F. MODIFICATION

13. The Protective Order may be modified by a stipulation of the parties approved by the Court. If a party seeks modification by motion, the party shall first

7

give at least ten (10) days prior written notice by hand, facsimile or electronic mail to all other parties of the specific grounds for the modification sought.

Dated: April 14, 2015.

BRAD D. SCHIMEL
Attorney General

s/Anne Bensky
Anne M. Bensky
Assistant Attorney General
State Bar #1069210
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 264-9451
(608) 267-8906 (Fax)
benskyam@doj.state.wi.us

Attorneys for Defendants

Dated: April 14, 2015.

Kirkland & Ellis LLP

/s/ Alec Solotorovsky
Alec Solotorovsky
Ill. Bar No. 6297666
300 N. LaSalle
Chicago IL 60654
(312) 862-7173
(312) 862-2200 (fax)
alec.solotorovsky@kirkland.com

Attorneys for Plaintiff

## ORDER

**IT IS HEREBY ORDERED** that, based upon the stipulation and request of the parties and good cause having been shown (as described in the stipulation), pursuant to Fed. R. Civ. P. 29(b), the foregoing Stipulated Protective Order shall govern all discovery and other proceedings, except for trial, in this action.

Dated: __4-17-15__

_____
William M. Conley
District Judge

Stephen L. Crocker
Magistrate Judge