IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SONNIEL R. GIDARISINGH,

                Plaintiff,                              ORDER

v.

                                                                 12-cv-916-wmc

TRAVIS BITTELMAN, JASON
WITTERHOLT, BRIAN FRANSON,
and KELLY RICKEY,

                Defendants.

---

On June 25, 2015, Gidarisingh (through counsel) filed a motion for order preventing slamming of trap door. (Dkt. #110.) In the motion and attached affidavit from Gidarisingh, plaintiff complains that beginning in April 2015, Waupun staff members have been opening and closing his trap door in a way that triggers Gidarisingh's PTSD. Specifically, Gidarisingh complains of two officers: COII Joseph Beahm and COII Andrew Moungrey. Gidarsingh believes that the noise associated with the door is preventing him from fully cooperating with his counsel in preparation for trial. Gidarisingh further believes that Waupun staff, who are aware of this lawsuit (even though it involves his time at CCI and with defendants from that institution) are intentionally allowing the door to fall open in an effort to disrupt his prosecution of his claims. Gidarisingh has repeatedly requested that staff stop opening his door in this way. (One officer initially responded favorably for some period of time but has started again.) Gidarisingh also submitted letters / complaints to the officers' supervisors, including the Director of Security, Anthony Meli.

Defendants filed a response to the motion, in which they (1) challenge whether the correctional officers' opening and closing of the trap door is actually disruptive, pointing to instances where Gidairinsh "appeared rested and health" at depositions "despite trap door incidents earlier those mornings" (Defs.' Resp. (dkt. #113) 3); (2) contend the court lacks jurisdiction over this motion since it does not concern the issues at play in this lawsuit and seeks to enjoin third parties; and (3) explain that Meli conducted an investigation and did not find "any intentional conduct, slamming, knocking or other wrongdoing by staff" (*id.*); (4) argue that any PTSD issues should be addressed by medical staff, and not by this court; and (5) argue that a court ruling on this motion would present a slippery slope that "an inmate with a Court's attention, at any stage of litigation, could force correctional officers to alter the manner in which they perform common and necessary activities," thereby "pos[ing] at threat to prison operations" (*id.* at 12).

At the request of the court, defendants also submitted video clips showing approximately 130 instances of the trap door opening and closing. As best as the court can discern from the video clips, one of the officers appears to open the key with one hand, allowing the trap door to fall open, as compared to other officers who place their other hand on the trap door, easing it open. From the court's review, Gidarisingh does not appear to be singled out in this way of opening. Indeed, although there is no sound, it is hard to see how the long, narrow and seemingly levered slot used to slide plastic meal trays in and out of the cell could generate much noise.

If Gidarisingh wishes to pursue a First Amendment retaliation claim or access to courts claim against the Waupun correctional officers based on those officers' manner of opening the trap door, he must do that in a separate lawsuit. The court, however, has the inherent authority to take certain measures to ensure that plaintiff is able to prosecute this claim. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989) ("Inherent authority remains the means by which district judges deal with circumstances not proscribed or specifically addressed by rule or statute, but which must be addressed to promote the just, speedy, and inexpensive determination of every action.").

While the court takes seriously allegations of correctional officer's preventing or otherwise interfering with an inmate's ability to prosecute his claim, the court finds that the evidence submitted here does not warrant what would amount to a fairly extraordinary interference with the normal functioning of a state penal institution. In particular, plaintiff has failed to show that the actions of Officers Beahm and Moungrey were sufficiently egregious, deliberate or disruptive to enjoin them from treating plaintiff's tray slot differently from other inmates.

Accordingly, IT IS ORDERED that plaintiff Sonniel Gidarisingh's motion for order preventing slamming of trap door (dkt. #110) is DENIED.

Entered this 27th day of July, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge