IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SONNIEL R. GIDARISINGH,

                              Plaintiff,                              OPINION AND ORDER

        v.                                                                   12-cv-916-wmc

TRAVIS BITTELMAN, JASON
WITTERHOLT, BRIAN FRANSON,
and KELLY RICKEY,

                              Defendants.

In this 42 U.S.C. § 1983 action plaintiff Sonniel R. Gidarisingh asserts various Eighth Amendment claims against defendants, all employees or former employees of the Wisconsin Department of Corrections, employed at Columbia Correctional Institution for the relevant time period of this action. This case is set for a jury trial commencing August 10, 2015. In advance of trial and the final pretrial conference, the court issues the following decisions on the parties' respective motions in limine. (Dkt. ##122, 131.)

I.    Plaintiff's Motions in Limine

      A. Exclude details of criminal convictions

Plaintiff seeks an order excluding details of Gidarisingh and his witnesses' criminal convictions. While acknowledging that the fact of their convictions may be relevant to either address jury bias during voir dire or for impeachment, plaintiff argues that the admission of any details of the convictions would be unfairly prejudicial. Defendants do no oppose the motion, though they maintain the right to ask Gidarisingh about the number of felony convictions and a description by name (e.g., "murder" or "arson")

under Federal Rule of Evidence 609. Accordingly, the motion is GRANTED as unopposed. Defendants are limited to asking plaintiff and plaintiff's witnesses about the number of their respective felony convictions within the last ten years or since release from prison, whichever is later, and to name each felony conviction. In advance of trial, defendants shall provide a list of each conviction by name for each witness plaintiff may call. Failure to do so will result in their exclusion at trial. Plaintiff may also move for exclusion at the final hearing on the morning of trial.

### B. Exclude plaintiff's prison disciplinary history

Plaintiff further seeks an order excluding his prison disciplinary history as irrelevant under Federal Rule of Civil Procedure 402 and as unfairly prejudicial under Rule 403. Defendants do not oppose this motion either except to maintain the right to introduce evidence of prior discipline for lying under Federal Rule of Evidence 608, which prohibits the admission of evidence of specific instances of misconduct unless "probative of the character for truthfulness or untruthfulness of a witness." Rule on this motion is RESERVED pending specific examples of the disciplinary conduct for lying. Defendants should be prepared to provide specific instances to the court for review at the final pretrial conference. Failure to do so shall result in their exclusion at trial.

### C. Exclude plaintiff's psychiatric history

Plaintiff also seeks to exclude his psychiatric records from trial under Rules 402 and 403, while reserving the right to introduce evidence that he suffers from post-traumatic stress disorder in support of his claim for damages. As to the latter

qualification, should plaintiff open the door by introducing evidence of his mental health issues, defendants are free to offer his psychiatric records into evidence in response.

As to the broader exclusion, defendants oppose plaintiff's motion because they seek to introduce evidence of plaintiff's mental health issues limited to "cognitive and perception issues, including, but not limited to visual and auditory hallucinations and his reactions thereto," but agree to only use Gidarisingh's deposition testimony and not refer to any of his psychiatric records.  (Defs.' Opp'n (dkt. #145) 5.)  Specifically, defendants seek to introduce plaintiff's deposition testimony in which he reported that he "sometime[s] see[s] people attacking [him]."  (*Id.* at 3.)  Defendants contend that this evidence is "highly relevant because it shows Mr. Gidarisingh has a history of hallucination, including the sort of assault that he alleges happened" in this case.  (*Id.* at 4.)

The court agrees with defendant that this deposition testimony is relevant, and accordingly, this motion in limine is DENIED.  Defendants may ask Gidarisingh questions about hallucinations / perception issues consistent with those questions asked during his deposition and may introduce his deposition testimony for impeachment purposes, if necessary.

### D. Exclude plaintiff's prior lawsuits and complaints about prison conditions

Plaintiff seeks an order excluding evidence of his prior lawsuits and complaints about prison conditions.  Defendants do not oppose this motion.  Accordingly, this motion is GRANTED as unopposed.

### E.  Exclude incident reports and affidavits based on incident reports[1]

Plaintiff seeks to exclude incident reports related to the incident on June 23, 2012, because the reports are hearsay and do not fall within the business record exception.  Defendants do not oppose the motion, agreeing not to introduce the reports as trial exhibits, though seeking to use them to refresh recollections if required.  This motion will be GRANTED as unopposed.  While they may not be introduced as evidence, defendants remain free to show the reports to witnesses for purposes of refreshing recollection.

### F.  Exclude evidence of alleged refusals of medical appointments

Next, plaintiff seeks an order excluding notes in his medical records indicating that he refused scheduled medical appointments after the June 23, 2012, incident, as well as Kim Campbell's testimony to that effect.  Plaintiff's basis for seeking to exclude this evidence is hearsay -- both "the initial hearsay statement from an officer to medical staff that Gidarisingh refused to be brought to a medical appointment and a second hearsay statement when medical staff recorded that purported refusal in the medical records." (Pl.'s Mot. (dkt. #122) 8.)  Defendants oppose this motion on the basis that plaintiff's refusal of medical appointments is relevant to whether he suffered an injury following the June 23, 2012, incident.  Moreover, defendants contend that the statements are not hearsay, because they are admissions of a party opponent under Federal Rule of Evidence

---

[1]  In plaintiff's opposition to defendants' motion in limine, plaintiff states that it withdraws his motion with respect to the conduct report in which Bittelman charged Gidarisingh with battery.  (Pl.'s Opp'n (dkt. #154) 3.)  That portion of his motion in limine, therefore, is DENIED as moot.

801(d)(2)(A) and any statements in his medical record that he refused treatment are admissible as records of regularly conducted activity under Federal Rule of Evidence 803(6).  The court agrees and this motion is DENIED.

### G.  Exclude evidence of Casiana's investigation of June 23, 2012, incident

Plaintiff also seeks an order excluding Captain Timothy Casiana's investigation into the June 23, 2012, incident, including notes or summaries of witness interviews, the report summarizing Casiana's findings, and Casiana's conclusion that Gidarisingh's complaint was unfounded as either hearsay under Rule 802 or as unfairly prejudicial under Rule 403.  Defendants object to this motion on limited grounds.  While defendants do not seek to introduce the report or related documents, defendants may seek testimony from Casiana about what plaintiff or his witnesses told him for purposes of impeachment.  In particular, if plaintiff or any of his witnesses testify at trial inconsistently from what they conveyed to Casiana, defendants claim the right to seek testimony from Casiana as to what plaintiff told him as admissible under Rule 801(d)(2)(A) (statement of a party opponent) or as to what plaintiff's witnesses told him under Rule 613 (prior statement of witness).  Moreover, defendants contend that the report itself is admissible for impeachment purposes also under Rule 613(b), as long as the witness is provided an opportunity to explain or deny the statement.

While the court agrees that Casiana may testify as to what Gidarisingh told him under Rule 801(d)(2)(A), defendants fail to point to an exception of the hearsay rule to allow Casiana's testimony as to what other inmates -- plaintiff's witnesses -- told him during the course of his investigation.  As for the investigation file and the report itself,

5

Gidarisingh's statements in that file are similarly admissible *if* defendants can demonstrate that the record (or portions of it) constitute records of regularly conducted activity under Rule 803(6). The fact that the investigation record or report may constitute a record of regularly conducted activity does not, however, make Casiana's recording of what other inmates told him admissible, since those statements still constitute hearsay. Accordingly, the motion is DENIED as to Casiana's testimony as to what Gidarisingh told him during the course of his investigation, RESERVED as to Gidarisingh's reported statements in the investigation record, and GRANTED both as to the introduction of Casiana's testimony as to what plaintiff's witnesses told him during the course of his investigation and as to any of their statements recorded in the investigation record.[2] Pursuant to Rule 613(a), defendants may nevertheless examine a witness about that witness's prior statement, provided a copy is provided to plaintiff's counsel in advance of trial.

### H. Exclude details of Randy McCaa's lawsuit against Bittelman

Plaintiff seeks an order excluding any evidence or testimony about the specifics of witness Randy McCaa's past lawsuit against Bittelman for an alleged assault and denial of medical treatment. Plaintiff acknowledges that the fact of the lawsuit may be relevant, but any details should be excluded as irrelevant and unfairly prejudicial to the jury's view of McCaa. Defendants do not oppose the motion to the extent that it allows them to

---

[2] Similarly, if the investigation record contains signed, written statements from any of plaintiff's witnesses, then the court will consider whether those statements are admissible under Fed. R. Evid. 613(b).

introduce the fact of the lawsuit, but no details about it unless McCaa opens the door by denying it.  The court understands plaintiff's motion as simply seeking to exclude details of the lawsuit, not the fact of the lawsuit.  Accordingly, the motion is GRANTED as unopposed.  Defendants may elicit testimony limited to the fact that McCaa filed a lawsuit against Bittelman, but may not introduce any details as to the nature of that lawsuit unless McCaa opens the door.

## I.   Permit plaintiff and prisoner witnesses to dress in street clothes and not be shackled when jury is present

Plaintiff seeks an order that allows plaintiff and his witnesses to dress in street clothes and not be shackled when the jury is present.  Defendants do not object.  This motion is GRANTED with two caveats: (1) plaintiff and/or the witnesses must arrange for street clothes; and (2) the court will revisit this decision if the United States Marshals expresses any concern with either request.

## J.   Exclude prejudicial remarks about plaintiff's counsel

Finally, plaintiff seeks an order excluding prejudicial remarks about plaintiff's counsel being from out of town, being members of a large law firm, or any statement suggesting that they may have a financial interest in the case.  Defendants do not object.  Accordingly, this motion is also GRANTED as unopposed.  During voir dire, the court will ask plaintiff's counsel to introduce themselves and state the name of their law firm.

II.   **Defendants' Motions in Limine**

    A.  **Exclude defendants' or any other DOC employees' lawsuit history and evidence of other prior acts involving excessive force, retaliation or conditions of confinement claims**

Defendants seek an order excluding evidence, testimony or argument of other lawsuits involving any of the defendants or any other employee of the Department of Corrections, as well as any evidence of prior acts of alleged excessive force, retaliation or conditions of confinement claims.  Plaintiff does not object to this motion, but reserves his right to impeach with such evidence if a defendant were to testify on direct that he has no prior inmate complaints or lawsuits.  Accordingly, the motion is GRANTED as unopposed unless defendants open the door to such evidence.

    B.  **Exclude evidence of denial of medical treatment**

Next, defendants seek an order excluding Gidarisingh's claim of denial of medical treatment before and after the June 23, 2012, incident, "except for the purpose of detailing the factual allegations that lead to the alleged use of force incident on June 23, 2012 (e.g., Gidarisingh can testify that he was requesting medical treatment on June 23, 2012, but may not testify regarding allegations that he had not been receiving adequate medical care in prison up to that point)."  (Defs.' Mot. (dkt. #131) 5-6.)  Plaintiff does not object to this motion either provided that Gidarisingh is allowed (1) to testify to his argument with Bittelman leading up to the June 23, 2012, incident; and (2) to introduce evidence of his requests for medical treatment in the period *after* the incident to the extent relevant to determining his injuries.  Since neither of these provisions appears inconsistent with defendants' motion, it is GRANTED as unopposed.  Plaintiff may

testify to his exchange with Bittelman about his request for medical treatment leading up to the June 23, 2012, incident.  Plaintiff may also testify that he requested medical care for injuries sustained after the incident, though plaintiff may not argue that he was denied medical treatment.[3]  As appropriate, the court will also consider a proposed curative instruction, clarifying that plaintiff is not entitled to recover based on denial of medical treatment.

### C.  Exclude fact that no contraband was found on Gidarisingh and any disciplinary report or actions imposed on Gidarisingh as result of July 23, 2012, incident

Defendants seek an order excluding any evidence regarding the fact that no contraband was found on Gidarisingh during the June 23, 2012, strip search, as well as any actions pursued against or discipline imposed on plaintiff because of the June 23, 2012, incident.  Plaintiff opposes this motion in several respects.  First, plaintiff's counsel intends to ask each defendant involved in the excessive force claim "to admit that, to the best of their knowledge, Mr. Gidarisingh did not have any weapons or other contraband at the time of the incident."  (Pl.'s Opp'n (dkt. #154) 2.)  If each defendant offers an admission, then plaintiff has no intent to elicit testimony about the results of the strip search.  Since the court is uncertain as to the relevance of any of this testimony, the ruling on this portion of the motion is RESERVED until the final pretrial conference.

Plaintiff also opposes defendants' request to exclude any disciplinary report or actions if it covers Bittelman's conduct report charging Gidarisingh with battery.

---

[3] As explained above, defendants may also introduce evidence that *Gidarisingh* denied offers of medical treatment after the June 23, 2012, incident.  (*See supra* I.F.)

Plaintiff contends that the report and Bittelman's testimony about the report is "probative of both Officer Bittelman's intent to retaliate against Mr. Gidarisingh for his earlier threat to file a grievance and Officer Bittelman's state of mind (hostile) at the time he used force against Mr. Gidarisingh on June 23, 2012." (Pl.'s Opp'n (dkt. #154) 4.) The court agrees with plaintiff that Bittelman's description of the events in the conduct report is both relevant to his claims and admissible as a record of business and a statement of a party opponent. Accordingly, this portion of the motion is DENIED.

Finally, as to the Casiana investigation, plaintiff agrees that the resulting conduct report issued to Gidarisingh for lying about staff should be excluded. Plaintiff contends, however, that if evidence of the investigation surrounding the June 23, 2012, incident comes in, then plaintiff should be allowed to introduce evidence of the disciplinary action, arguing that it bears on the reliability of the investigation as a whole and the evidence derived from it. Since this court has earlier in this opinion ruled that both the investigation file and report are inadmissible, except as to the introduction of Gidarisingh's purported statements about the incident (*see supra* I.G.), this portion of the motion is also GRANTED as unopposed.

### D. Exclude evidence of defendants prior workplace discipline

Defendants seek an order excluding: "(1) discipline that Travis Bittelman received on or about 12/27/06 regarding a one-day suspension for failure to comply with regulations, intimidating, interfering, harassment, (2) discipline that Michael Julson received for forwarding an inappropriate email, (3) Maury Thrill's discipline for horseplay, (4) Raymond Millong's discipline for violating the DOC's fraternization

policy, including and not limited to all testimony and documents related to the investigation that lead to his termination, and including any direct questions specifically related to Millonig's truthfulness during that investigation." (Defs.' Mot. (dkt. #131) 7.)[4]

As for defendant Bittelman, plaintiff again represents that unless Bittelman opens the door by testifying on direct to never being disciplined for workplace misconduct, he will not introduce this or other disciplinary actions brought against Bittelman. This portion of the motion is, therefore, GRANTED unless Bittelman opens the door.

As for Officer Michael Julson -- who is not a party but rather a defense witness -- plaintiff contends that the email for which Julson received a disciplinary action is relevant, because its content is racist and, therefore, probative of his credibility as a witness who observed Gidarisingh in an observation cell following the June 23, 2012, incident. (Julson is white; Gidarisingh is black.) Ruling on this portion of the motion is RESERVED pending argument at the final pretrial conference and possible review of the disciplinary record and email at issue.

Plaintiff does not oppose defendants' motion to exclude evidence that defense witness Officer Maury Thrill was disciplined for horseplay. Accordingly, this part of the motion is GRANTED as unopposed.

---

[4] Defendants also state that the motion is not limited to those events, but absent specific instances of misconduct, the court is not in a position to rule on admissibility. To the extent other instances come up at trial, the court will allow defendants to raise an objection to their admissibility, preferably *in advance* of that defendant taking the stand and outside the jury's presence.

Finally, plaintiff opposes defendants' motion to exclude defendant Millonig's disciplinary record.  Specifically, plaintiff represents that Millonig was fired in September 2012 for lying in an investigation conduct by the Department of Corrections, and that this evidence is probative of Millonig's character for truthfulness.  The court agrees and plaintiff may cross examine Millonig about this disciplinary action -- specifically, the three instances in which he was found to have lied -- to assist the jury's assessment of his character for truthfulness under Rule 608(b)(1).  Accordingly, this portion of the motion is DENIED.

### E.  Allow testimony about plaintiff's prior discipline history (if defendants' earlier motions in limine not granted)

If the court does not grant defendants' first motion -- seeking the exclusion of defendants' and other DOC employees' lawsuits or prior acts of excessive force, failure to protect or conditions of confinement claims -- or the fourth motion -- seeking exclusion of prior workplace discipline -- then defendants seek an order allowing evidence and testimony about "Gidarisingh's prior discipline, including but not limited to discipline related to Gidarisingh's substantial history of violent and combative behavior while incarcerated, Gidarisingh's dispositions of guilt[] for lying and lying about staff, and Gidarisingh's committing offense of first degree intentional homicide."  (Defs.' Mot. (dkt. #131) 8.)   The court had already issued rulings on Gidarisingh's prior disciplinary history for lying about staff -- reserving on that motion pending defendants' submission of specific instances to determine whether they are probative of Gidarisingh's character for truthfulness or untruthfulness under Rule 608 -- and on Gidarisingh's conviction for

murder -- granting the motion to exclude except as to testimony that Gidarisingh was convicted of murder.  (*See supra* I.A, I.B.)

All that remains, therefore, is defendants' request to introduce evidence of Gidarisingh's history of violence.  The court agrees with plaintiff that such evidence is inadmissible as propensity evidence under Federal Rule of Evidence 404(a).[5]  To this extent, defendants' motion is DENIED.

### F.  Allow introduction of plaintiff and his witnesses' criminal convictions

Defendants seek an order allowing defendants to present evidence of Gidarisingh and plaintiff's witnesses' criminal convictions as permitted under Rule 609.  Plaintiff does not oppose this motion provided that the convictions meet the requirements of Rule 609.  For the reasons provided above (*see supra* I.A), this motion is GRANTED under the same limitations to number and name of convictions.

### G. Exclude evidence, testimony and argument about officers needing to trust each other

Finally, defendants seek an order excluding evidence, testimony and argument about corrections officers' "needing to trust other corrections officers" and "rely[ing] on other corrections officers for their personal safety, or for other reasons, while working in a prison."  (Defs.' Mot. (dkt. #131) 10.)  Defendants contend that "[s]uch testimony and argument is intended to imply that because officers need to trust and rely on each other

---

[5] To the extent Bittelman seeks to testify about specific instances of violent behavior on the part of Gidarisingh for which he had direct knowledge, the court will consider whether that evidence is admissible to establish Bittelman's state of mind leading up to the June 23, 2012, incident, but only if proffered *in advance* outside the presence of the jury.

in the workplace, they would necessarily have a propensity to lie under oath to protect one another." (*Id.*)  Plaintiff opposes the motion, arguing that evidence of witness loyalty is relevant to determining credibility, and points to cases in support.  (Pl.'s Opp'n (dkt. #154) 13.)  The court agrees with plaintiff that he is entitled to explore with defendants and other witnesses any bias arising out of loyalty to one another.  This evidence is relevant and the probative value outweighs any unfair prejudice to defendants. Accordingly, this motion is DENIED.

ORDER

IT IS ORDERED that:

1) Plaintiff Sonniel R. Gidarisingh's motions in limine (dkt. #122) are GRANTED IN PART, DENIED IN PART, and RESERVED IN PART as described above.

2) Defendants' motions in limine (dkt. #131) are GRANTED IN PART, DENIED IN PART, and RESERVED IN PART as described above.

Entered this 4th day of August, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge