IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SONNIEL R. GIDARISINGH,

            Plaintiff,

v.

TRAVIS BITTELMAN, JASON WITTERHOLT, BRIAN FRANSON, and KELLY RICKEY,

            Defendants.

ORDER

12-cv-916-wmc

---

At the final pretrial conference, plaintiff raised three challenges to the closing jury instructions and verdict form. In advance of trial beginning on Monday, the court finds that: (1) plaintiff did not allege and has not sought to amend his complaint to add a claim against Officer Brian Franson for excessive force based on the June 23, 2012, incident, making his request to expend his claims to do so on the eve of trial both untimely and unreasonably prejudicial to Franson; (2) plaintiff's First Amendment retaliation claim as alleged includes Bittelman's filing of the conduct report, making this theory of liability and recovery an appropriate part of next week's trial; and (3) under all claims, plaintiff must demonstrate physical injury or harm in order to be awarded compensatory damages beyond a $1 nominal award.

I.  **Claims against Franson**

Plaintiff was granted leave to proceed against defendant Brian Franson on two claims: (1) a failure to protect / intervene claim based on plaintiff's allegation that Franson watched the physical attack by Bittelman, Rickey and Witterholt and failed to

stop it; and (2) a conditions of confinement claim based on the strip search following the alleged attack. At the final pretrial conference held earlier this week, plaintiff sought for the first time leave to assert a third claim for excessive force against Franson based on an allegation in plaintiff's complaint that Franson slammed his head against the shower door during the strip search (Compl. (dkt. #1) ¶ 32) and Franson's acknowledgement at summary judgment that he "bladed" Franson by placing his shin on Gidarisingh's upper body (2/25/15 Op. & Order (dkt. #93) 9).

As for the allegation that Franson head slammed Gidarisingh during the strip search, Gidarisingh may testify to that event and the jury may, of course, consider it in assessing Gidarisingh's claim that defendant Franson and Rickey subjected him to a strip search in a harassing manner for purposes of humiliating him in violation of his Eighth Amendment rights. Because the court did not understand Gidarisingh to be alleging an Eighth Amendment excessive force claim based on this sole allegation, he was *not* granted leave to proceed on that claim, and plaintiff did not -- either at summary judgment or otherwise -- seek leave to amend his complaint to add such a claim.

Plaintiff's last-minute claim that Franson took part in the physical assault on June 23, 2012, by blading Gidarisingh fairs even worse. First, plaintiff's complaint contains no such an allegation. To the contrary, the complaint only names Bittelman, Rickey and Witterholt with respect to his Eighth Amendment excessive force claim and state law battery claim, and limits any allegations concerning Franson's role in the assault to a failure to protect claim. (Compl. (dkt. #1) ¶¶ 87-88.) Second, the court never granted Gidarisingh leave to proceed on such a claim. Third, even if Gidarisingh only became

2

aware of the scope of Franson's misconduct during discovery in this case, he still had an obligation to seek leave to amend his complaint to add a straight-forward Eighth Amendment excessive force claim against Franson.

While plaintiff may elicit testimony about Franson's role, and that testimony may support his claim that Franson failed to protect him from Bittelman, Rickey and Witterholt's assault, the court will not add Franson as a defendant to either the instructions or special verdict form with regard to plaintiff's claims for excessive force and battery.

## II. Scope of First Amendment Retaliation Claim

At summary judgment, the court reserved on whether to allow plaintiff to proceed on a First Amendment retaliation claim against Bittelman, based on uncertainty as to whether plaintiff's threat to file a complaint against Bittelman constituted protected conduct. At the final pretrial conference, plaintiff indicated that he would like to pursue this claim and defendants stated that they did not oppose him doing so. Also at the final pretrial conference, plaintiff argues that the claim should include Bittelman's issuing a June 23, 2012, conduct report -- which plaintiff contends is false -- as a retaliatory act. As previously drafted, the proposed jury instructions and special verdict form only describe the retaliatory act as the June 23, 2012, physical assault.

Having reviewed plaintiff's complaint, the screening order and the summary judgment opinion, the court agrees with plaintiff that he adequately alleged a claim based on Bittelman's act of filing a conduct report against him and that the court declined to grant summary judgment to defendants on that claim. Specifically, plaintiff alleged that

3

Bittelman's conduct report was false and issued in an effort to cover up the physical assault (Compl. (dkt. #1) ¶ 66), and the court considered this allegation in allowing plaintiff to proceed on a First Amendment retaliation claim against Bittelman (10/16/13 Op. & Order (dkt. #9) 6).  Moreover, in reviewing this claim at summary judgment, the court granted *other* defendants summary judgment based on Gidarisingh's June 25, 2012, letters, which triggered the DAI investigation, but reserved on all aspects of Gidarisingh's First Amendment claim against Bittelman pending a decision on whether his conduct constituted protected conduct under the First Amendment.  (2/25/15 Op. & Order (dkt. #93) 36-38.)

### III.   Compensatory Damages

Finally, at the final pretrial conference, the parties also made arguments concerning the restriction of compensatory damages under 28 U.S.C. § 1997e(e) and its impact on the jury instructions and verdict form.  Having now reviewed the parties' submissions on that issue (dkt. ##183, 184), the court agrees with defendants -- and plaintiff effectively concedes -- that compensatory damages, including for the Eighth Amendment conditions of confinement and First Amendment retaliation claims, are limited to those in which plaintiff can demonstrate a physical injury.  *See, e.g.*, *Calhoun v. DeTella*, 319 F.3d 936 (7th Cir. 2003) (explaining that male inmate subject to strip search was not entitled to compensatory damages absent physical injury); *Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006) (finding inmate asserting First Amendment retaliation claim failed to demonstrate physical injury sufficient to meet requirements of § 1997e(e)).

While plaintiff is likely correct that a jury's finding of excessive force -- given the facts at issue here -- likely satisfies the PLRA's physical injury requirement, plaintiff's claims are not limited to an excessive force claim.  As such, the current draft instruction limiting compensatory damages (beyond nominal damages of $1) to those claims for which plaintiff has demonstrated physical harm is necessary and appropriate.  Moreover, the instruction does not require plaintiff to demonstrate a permanent injury -- as plaintiff suggests.  If defendants were to argue that such a requirement is necessary, the court would be willing to give a curative instruction.

Where applicable, the court has incorporated these rulings in the revised drafts of the closing instructions for liability and damages and special verdict forms that will be circulated to the parties today.

Entered this 7th day of August, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge