IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SONNIEL R. GIDARISINGH,

                            Plaintiff,                      OPINION AND ORDER

v.

                                                              12-cv-916-wmc

TRAVIS BITTELMAN, JASON
WITTERHOLT, BRIAN FRANSON,
and KELLY RICKEY,

                            Defendants.

      At the close of plaintiff's case, defendants moved for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(a) on two of the claims. First, defendants contend that plaintiff failed to establish that the June 23, 2012, strip search was "conducted in a harassing manner intended to humiliate and cause psychological pain" to support an Eighth Amendment conditions of confinement claim. *Mays v. Springborn*, 575 F.3d 643, 649-50 (7th Cir. 2009). Second, defendants contend that plaintiff's threat to file a grievance does not constitute protected activity, thereby dooming his First Amendment retaliation claim. The court agrees with defendants on both fronts. Accordingly, the court will grant defendants' motion for judgment as a matter of law as to the strip search conditions of confinement claim asserted against defendants Franson and Rickey and plaintiff's First Amendment retaliation claim against defendant Bittelman.

OPINION

Federal Rule of Civil Procedure 50(a)(1) provides in pertinent part that

> **(1) *In General.*** If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> **(A)** resolve the issue against the party; and
>
> **(B)** grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

In reviewing a Rule 50(a) motion, "the court construes the evidence strictly in favor of the party who prevailed before the jury and examines the evidence only to determine whether the jury's verdict could reasonably be based on that evidence." *Passananti v. Cook Cnty.*, 689 F.3d 655, 659 (7th Cir. 2012).

## I. Strip Search Conditions of Confinement Claim

As the court explained in its summary judgment opinion, "deliberately removing an inmate's clothing and leaving him exposed for an extended period of time in view of other inmates for the purpose of shaming or humiliating him could form the basis of a conditions of confinement claim." (2/25/15 Op. & Order (dkt. #93) 34.) Based on Gidarisingh's representation, submitted in opposition to defendants' motion for summary judgment, that he was left naked, handcuffed and shackled, outside of the shower area in sight of other guards, inmates, and Nurse Campbell for approximately thirty minutes, the court allowed this claim to go forward to trial. (*Id.* at 10, 33.) At trial, however, plaintiff

at most established a hands on strip search that departed from procedure and a few minutes of exposure in the closed observation area with officers controlling him, in view of a nurse and perhaps a couple of inmates looking out of windows of their respective observation rooms. No evidence was presented to establish that this process was inordinately long, nor inconsistent with standard procedures, save perhaps for the lack of a towel for the short period of time that plaintiff was being examined in the shower and transferred to his observation cell. This is not enough to constitute a violation of plaintiff's rights under the Eighth Amendment. *See, e.g., Rivera v. Schultz*, 556 F. App'x 500, 502 (7th Cir. 2014) (affirming district court's grant of Rule 50(a) motion where "[t]he testimony reflects that the incident was brief and occurred during the course of a properly authorized pat-down"). And nothing in this court's decision allowing a claim to go forward past the screening stage based on more egregious facts in *Vasquez v. Raemisch*, 480 F. Supp. 2d 1120 (W.D. Wis. 2007), nor indeed in allowing this case to go forward at trial, establishes the right of an inmate to choose whether staff or the inmate will conduct a hands on inspection, at least where the plaintiff has admittedly been involved in an altercation immediately before with other officers, and remains in constraints and under physical, hands-on control by other officers out of concern that he may further resist until placed in an observation cell.

## II. First Amendment Retaliation

At summary judgment, the court reserved on plaintiff's First Amendment retaliation claim pending a determination of whether Gidarisingh engaged in protected

conduct -- the front element of his First Amendment claim which is an issue of law for the court to determine. (2/25/15 Op. & Order (dkt. #93) 35-36.) While a prisoner's right to use available grievance procedures has been recognized as a constitutionally protected activity, a verbal complaint may constitute protected speech only if it is "in a *manner* consistent with his status as a prisoner." *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010) (quoting *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 865 (5th Cir. 2004)) (emphasis added). In *Watkins*, the inmate alleged that the prison librarian retaliated against him after he complained about a library policy restricting his ability as a law clerk to maintain personal materials at the library and assist other inmates with their legal claims. In considering whether an oral complaint constituted protected activity, the Seventh Circuit held that as a matter of law "the confrontational, disorderly manner in which Watkins complained about the treatment of his personal property removed this grievance from First Amendment protection." 599 F.3d at 798. Citing other cases, the court further explained that "[t]he confrontational approach that Watkins used to make his grievance was inconsistent with the legitimate penological interest of prison discipline and order." *Id.*

During argument on defendants' motion, plaintiff offered three cases in support of his position that a threat can constitute protected conduct. None of those cases however involve the confrontational setting presented in this case, or otherwise support plaintiff's position. *See Antoine v. Ramos*, No. 11-1807, 2012 WL 6031483, at *1 (7th Cir. Dec. 5,

2012) (First Amendment retaliation claim premised on written grievances)[1]; *Thaddeus-X v. Love*, No. 98-2211, 2000 WL 712354, at *3 (6th Cir. May 22, 2000) (affirming district court's grant of summary judgment to defendant on First Amendment claim finding plaintiff's grievance frivolous and therefore not protected by the First Amendment); *Ford v. Jones*, No. 04-41268, 2005 WL 2445925, at * (7th Cir. Oct. 5, 2005) (reversing district court's denial of leave to proceed on First Amendment retaliation claim based on a threat to file a grievance, without any information about the nature of the plaintiff's threat).

Here, Gidarisingh threatened to file a grievance against Bittelman for his denial of medical care in the same exchange in which he acknowledges calling him a "racist honkey" -- albeit in response to Bittelman allegedly calling him a "piece of shit." Accepting Gidarisingh's account -- as the court must -- the tone and context of this exchange removes Gidarisingh's oral complaint from First Amendment protection. *See also Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009) ("[I]t seems implausible that a threat to file a grievance would itself constitute a First Amendment-protected grievance.").

---

[1] The court's observation that a jury would need to determine whether the plaintiff made a threat concerned whether defendant had a legitimate, non-retaliatory basis for issuing the plaintiff a disciplinary ticket. *Antoine*, 2012 WL 6031483, at *3.

5

ORDER

IT IS ORDERED that defendants' oral motion for partial judgment as a matter of law is GRANTED.

Entered this 11th day of August, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge